UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM LEM POSEY, II,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Criminal Case Number 94-00096
Civil Case Number 16-01503
Honorable David M. Lawson

## **ORDER DENYING MOTION TO VACATE SENTENCE**

The petitioner was sentenced on October 11, 1996 to a prison term of 188 months following his guilty plea to armed bank robbery and attempted escape from federal custody. 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 751(a). His sentencing guideline range was determined by the career offender provisions of the Sentencing Guideline Manual, U.S.S.G. § 4B1.1 (2003). The petitioner previously had committed at least two crimes of violence, as defined by the Sentencing Guideline Manual as either a crime that "has as an element the use, or attempted use, or threatened use of physical force against" another person, or "involves conduct that presents a serious potential risk of physical injury to another." *See* 4B1.2(a)(1), (2) (2003).

On June 22, 2016, Posey filed a motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, he argues that he is entitled to resentencing under the rule announced by the Supreme Court in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), which was made retroactive to cases on collateral review by its decision in *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016). In *Johnson*, the Supreme Court held that a similar phrase in the Armed Career Criminal Act (ACCA) — which defined a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), known

as the "residual clause" — was unconstitutionally vague, and therefore "an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2555-56.

The petitioner, of course, was not sentenced under the ACCA. But he argues that his sentencing guideline range calculation — and therefore his sentence — was defective, because the definitional language in U.S.S.G. § 4B1.2(a)(2) used in his career offender determination is nearly identical to the ACCA's residual clause found unconstitutional in *Johnson*. And on May 13, 2016, the Sixth Circuit held that the *Johnson* rationale applied with equal force to the residual clause in U.S.S.G. § 4B1.2(a)(2). *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016).

*Pawlak*, however, no longer helps the petitioner's cause. The Supreme Court held recently that the *advisory* sentencing guidelines are not subject to the vagueness challenge identified in *Johnson*, because, unlike the ACCA, "the advisory Guidelines do not fix the permissible range of sentences." *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 892, 897 (2017), *abrogating United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

But *Beckles* does not answer the question posed in this case, because the Court's reasoning is premised on the advisory nature of the Sentencing Guidelines. In 2005, the Court declared the Guidelines advisory — where they previously had been considered mandatory — in *United States v. Booker*, 543 U.S. 220, 245 (2005). Posey was sentenced in 1996, when the sentencing guidelines were "binding on district courts." *Beckles*, 137 S. Ct. at 894. The *Beckles* Court made clear that its decision declared "only that the *advisory* Sentencing Guidelines . . . are not subject to a challenge under the void-for-vagueness doctrine." *Id*. at 895 (emphasis added). Indeed, Justice Sotomayor noted in her concurrence that the Court left "open the question whether defendants sentenced to

terms of imprisonment before our decision in [*Booker*] — that is, during the period in which the Guidelines did fix the permissible range of sentences, may mount vagueness attacks on their sentences." *Id*. at 903.

However, there is yet another obstacle between the petitioner and the merits of his argument that the career offender's residual clause is unconstitutional: section 2255's statute of limitations. That one-year statute of limitations is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because the petitioner did not appeal his 1996 conviction or sentence, it became "final" fourteen days after the judgment was entered, Fed. R. App. P. 4(b)(1); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004); his motion was filed well beyond one year after that date. The only other provision that could apply is subsection (3). To trigger that section, the motion must be based on a "right" that was "newly recognized by the Supreme Court" within one year of the motion's filing date, and that right must have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). For most challenges to pre-*Booker* sentences based on an attack against the career offender provisions of the Guidelines, however, the Sixth Circuit has foreclosed that avenue as well.

In *Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017), the court observed that, according to the Supreme Court, whether the pre-*Booker* guidelines are subject to vagueness challenges is an open question. And "[b]ecause it is an open question, it is not a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id*. at 630 (quoting 28 U.S.C. § 2255(f)(3)). "In other words, '[b]ecause the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague — and did not do so in *Johnson*," subsection (f)(3) will not restart the one-year clock. *Id*. at 630.

The petitioner's motion to vacate his sentence was filed out of time and must be denied for that reason.

Accordingly, it is **ORDERED** that the motion to vacate sentence [dkt. #1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge
Sitting by special designation

Dated: October 18, 2017