UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM LEM POSEY, II,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Criminal Case Number 94-00096
Civil Case Number 16-01503
Honorable David M. Lawson

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a motion under 28 U.S.C. § 2255 on June 22, 2016. On October 18, 2017, the Court entered an order denying that motion as untimely, because the Sixth Circuit has held that whether the mandatory Sentencing Guidelines are subject to a vagueness challenge is an open question. *Raybon v. United States*, --- F.3d ---, 2017 WL 3470389, at *2 (6th Cir. Aug. 14, 2017). Therefore, the Supreme Court has not announced a new rule of constitutional law made retroactive to matters on collateral review that would restart the one-year statute of limitations to file a motion to vacate under 28 U.S.C. § 2255. *Ibid*.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not debate the Court's conclusion that the petitioner's motion to vacate is untimely, because the Sixth Circuit found that "the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague." *Raybon*, --- F.3d ---, 2017 WL 3470389, at *3. Therefore, the petitioner's motion is untimely and not subject to any exceptions under § 2255(f)(3). The Court therefore will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge
                                          Sitting by special designation

Dated: October 18, 2017